IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 APR 18  A 10: 08

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

| | |
|---|---|
| CHONG SU YI, | * |
| Plaintiff, | * |
| v. | * Case No.: GJH-16-877 |
| MONTGOMERY COUNTY OF MARYLAND, | * |
| Defendant. | * |

* * * * * * * * * * * * * *

## MEMORANDUM OPINION

The above-captioned Complaint was filed on March 23, 2016, ECF No. 1, together with a Motion to Proceed in Forma Pauperis, ECF No. 2. The Motion for Leave to Proceed in Forma Pauperis shall be granted.

The Complaint characterizes the facts and arguments in his case as follows:

Montgomery County Maryland herein County; has Constitutional power and authority vested to enact county ordinances; and allow residential and commercial buildings enabling homes for many of its residents.
One of its homes; are Progess Place in Silver Spring MD and Montgomery County; Per its own website a http://www.silverspringdowntown.com/go/progress-place Testifies under copyright law, it is owned by Montgomery County, It is due to stop offering sleeping arrangements to homeless people; all are Montgomery County Residents from April 1 to October 31st of each year, and this raised issue from Incident is brought before the court.
****

Plaintiff is Pauper with invention and authorship, within meaning of Article 1 Section 8; clause 8 of 'promote' in Constitution i.e. PJM 16 CV 0756 Md. D.; Exhibit A; And evicted by State's District Court #6-1; case number 601-13339-2015; County then Directed Plaintiff to Progress Place; and was advised, sleeping arrangement would no longer be offered, as of end of March, till end of October.

> County violated 5th and 14th amendment, deprivation of property without due process of the law, when it evicted Plaintiff from place of house at 1426 Squaw Hill Lane Silver Spring Md 20906, and not remedies state of being Homeless; This is violation of 'Promote' in Article 1 Section 8, clause 8; Also it is violation of First Amendment, in State's right to categorize; it is allowed to Categorize homeless people and not homeless people and treat them accordingly; But for Law to prevail First Amendment Challenge; it must prevail; State's Best Interest; It simply means if there is less intrusive way to regulate Liberty, Life, Pursuit of Happiness; it must take it; regardless.
> State is allowed to Govern its people under its consent to be governed; but State is not allowed to be as intrusive as it want in regulating Life Liberty Pursuit of Happiness. State may not dictate citizen to walk to work; because its good for health and development. As State is not allowed to force people not to provide home; as it do with those who can afford home; paying full price; there cannot be differences between who can pay and who cannot pay; the home must be equal; in every way. Constitution does not make distinction between who can pay and who cannot pay.
> There is only one mention of money in Constitution; taxation. Otherwise Constitution is silent in how and what to do in matter of money among its public. Therefore, County deprived property of Plaintiff without due process of the law mentions in 5th and 14th amendment.

ECF No. 1 at 2–4.

Plaintiff seeks an injunction ordering Montgomery County to keep Progress Place open with accommodating sleeping arrangements, and an order directing the "County to meet its full constitutional obligations to provide its home lost in eviction." *Id.* at 5.

Pursuant to 28 U.S.C. § 1915(e)(2), a court may dismiss a case filed in forma pauperis if it determines that the action is frivolous or fails to state a claim on which relief may be granted. An action is frivolous if it raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). As noted by Judge Hollander:

> To be sure, this court is required to construe liberally a complaint filed by a self-represented litigant, *see Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), and to examine the complaint using a less stringent standard than for those drafted by attorneys. *Id.*; *see also Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). This court must allow the development of a potentially meritorious case, *see Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173,

66 L. Ed. 2d 163 (1980); *Cruz v. Beto*, 405 U.S. 319, 92 S. Ct. 1079, 31 L. Ed. 2d 263 (1972), and must assume the complaint allegations to be true. *Erickson*, 551 U.S. at 93.

However, under 28 U.S.C. § 1915, courts are required to screen a plaintiff's complaint when *in forma pauperis* status has been granted. Pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints. *See, e.g., Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screening of a nonprisoner complaint); *Evans v. Albaugh*, 2013 WL 5375781 (N.D.W. Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed in forma pauperis). Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a plaintiff's complaint if it fails to state a claim on which relief may be granted. Although pleadings filed by a self-represented plaintiff are to be liberally construed, the plaintiff's complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

*Harris v. Janssen Healthcare Prods.*, No. ELH-15-2730, 2015 WL 5897710, at *2 (D. Md. Oct. 6, 2015).

Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf. Accordingly, Plaintiff's case is DISMISSED. A separate Order follows.

Date: April __, 2016

GEORGE J. HAZEL
United States District Judge